TRUESDELL v. BOOTH.

*Lease — what does not amount to eviction. Statutory construction — Laws of 1860, chap. 345, when not available as defense to action for rent.*

Defendant hired a house from plaintiff, agreeing in the lease to make necessary repairs, and there was no covenant, on the part of the landlord, to repair. The roof of the house leaked, and the walls were so damp as to create sickness in defendant's family, causing him to abandon the premises. *Held*, that this did not amount to an eviction authorizing the tenant to abandon, and he was liable for rent after such abandonment. *Held*, also, that the provisions of Laws 1860, chap. 305, would not avail as a defense to tenant.

MOTION by defendant for a new trial upon case and exceptions ordered to be heard in the first instance at the general term after a verdict for the plaintiff directed by the court.

The action was brought by Thomas Truesdell against Henry Booth, to recover for rent of premises leased by said Truesdell

to defendant. Pending the suit, said Truesdell died, and the administratrix of his estate, Margery J. Truesdell, was substituted as plaintiff.

The leased premises consisted of a dwelling-house. In the lease defendant covenanted to do the necessary repairs. He took possession in May, 1872, and remained until August, 1872, when he abandoned the house. It was claimed on his part, and evidence given tending to show that, at the time he took possession, the building was out of repair (which fact, he claimed, was concealed from him when he made the contract of leasing) ; the roof leaked, and the walls were so damp that his family were rendered sick thereby, and he was, under the direction of his physician, compelled to leave ; that the sickness was caused by the damp and mouldy condition of the walls of the house, and left the family immediately after they were removed.

*O. J. Wells*, for plaintiff.

*D. G. Harriman* and *Henry Brodhead*, for defendant, cited *Hess* v. *Newcomer*, 7 Md. 325 ; *Suydam* v. *Jackson*, 54 N. Y. 454 ; *Johnson* v. *Oppenheim*, 55 id. 285 ; *Westlake* v. *De Graw*, 25 Wend. 671 ; *Mellish* v. *Motteux*, 1 Peake, 115 ; *Udell* v. *Atherton*, 7 H. & N. 172 ; Kerr on Fraud, 98.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ.

TAPPEN, J. The defendant hired a dwelling-house from the plaintiff, and after entering into occupation he paid rent up to a certain time, and gave notice to the plaintiff that he would not be bound, and would not remain for the remainder of the term, and he abandoned the premises. The reason given by the defendant is, that the premises were not tenantable. The house was a brick dwelling in Duffield street, Brooklyn. The defendant alleged the walls to be unusually damp, and that his family became and remained sick for some time, by reason of such dampness. The plaintiff refused to receive the premises, and brought this action for rent. After testimony on both sides, the court ordered a verdict for the plaintiff for the sum claimed, and directed the defendant's exceptions to be heard at the general term, in the first instance. The defendant's request to go to the jury was refused.

Truesdell v. Booth.

The tenant, in addition to the yearly rent of $800, also covenanted to make necessary repairs. The landlord's agent testified that this covenant had the effect of reducing the rent slightly, as compared with the rent paid by a prior tenant. There was no covenant to repair on the part of the landlord.

No act amounting to an eviction, on his part, is shown, and wrongful acts of the landlord, which are mere negligence or trespass, do not bar the rent. *Edgerton* v. *Page*, 20 N. Y. 281; *Ogilvie* v. *Hull*, 5 Hill, 52. Although the rule is otherwise where the landlord creates a nuisance near the premises, or is guilty of acts which preclude the tenant from the beneficial enjoyment thereof, provided, in such case, the tenant shall abandon the premises by reason thereof. *Dyett* v. *Pendleton*, 8 Cow. 728; *Gilhooly* v. *Washington*, 4 N. Y. 217. Vermin or noxious smells in or about the house do not constitute eviction, so as to justify abandonment of the premises by the tenant. *Westlake* v. *De Graw*, 25 Wend. 669; *Vanderbilt* v. *Persse*, 3 E. D. Smith, 428.

The case presents no fact whereby the right of abandonment can be held to have accrued to the tenant for any act or omission of the landlord.

Reference is made by the tenant to chap. 345 of the Laws of 1860, which provides as follows: "The lessees or occupants of any building which shall, without any fault or neglect on their part, be destroyed, or be so injured by the elements or any other cause, as to be untenantable and unfit for occupancy, shall not be bound or liable to pay rent to the lessor or owner thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant, and the lessees or occupants may thereupon quit and surrender possession of the leasehold premises and of the land so leased or occupied." The construction given to this statute in *Suydam* v. *Jackson*, 54 N. Y. 453, does not make it available as a defense in this action.

We see nothing in the case which, by operation of law, exonerates the defendant from his liability to pay the rent, and the plaintiff should have judgment on the verdict, with costs.

BARNARD, P. J., dissented.

*Judgment for plaintiff.*